**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RBS Citizens, N.A. f/k/a Citizens Bank, N.A., | ) | CASE NO. 11 CV 1000 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| James P. Psarras, *et al.*, | ) | <u>Memorandum of Opinion and Order</u> |
| | ) | |
| Defendants. | ) | |

This is an action for default on a mortgage loan and for foreclosure.  Before the Court is Plaintiff's Motion for Summary Judgment (Doc. 30).  The motion is unopposed.  For the reasons stated below, the motion is granted.

**Facts**

The following facts are not in dispute.  Plaintiff RBS Citizens, National Association ("plaintiff" or "RBS"), is a national banking association.  RBS is the holder of a promissory note executed by defendants James P. and Elaine C. Psarras in the principal amount of $585,000.  (Complt., Ex. A.)  The note requires defendants to pay plaintiff monthly payments on or before the first day of each month in repayment of the total amount due under the note.

1

Plaintiff also is the owner and holder of a mortgage securing defendants' obligations under the promissory note.  (Complt., Ex. B.)  The mortgage conveys to plaintiff property commonly known as 16300 S. Park Boulevard, Shaker Heights, Ohio 44120, Parcel No. 732-03-004.

RBS submits evidence – the affidavit of Debra Van Buskirk, an employee of RBS – that "[t]he note and mortgage are in default because monthly payments have not been made." (Foreclosure Compliance Affidavit of Debra Van Buskirk (Van Buskirk Aff.), Pltf. Mot., Ex. 1, ¶ 8.)  Ms. Van Buskirk states in her Foreclosure Compliance Affidavit that:

> 9.  A written notice of default was given in accordance with the terms of the note and mortgage.  The default was not cured, therefore the sums due under the note were accelerated.  As a result, the full amount of the principal and interest due under the note are now required to be paid.  Also required to be paid are all costs and expenses incurred in enforcing the note to the extent that the payment of such amounts is not prohibited by Ohio law.
>
> 10.  There is due and payable on the note principal in the amount of $298,747.49 exclusive of interest, costs and attorney's fees.
>
> 11.  There is further due and payable on the note interest on the unpaid principal at the rate of 7.15% from December 1, 2008 and as thereafter adjusted per the note.  Late charges, advances made for the payment of taxes, assessments, and insurance premiums, and the expenses incurred for the enforcement of the note and mortgage may also be due, to the extent that the payment of such amounts is not prohibited by Ohio law.  If necessary, the final amount of some or all of these items will be established at a later date.

Van Buskirk Aff., ¶¶ 9-11.

Plaintiff also submits a "Supplemental Affidavit and Acknowledgment of Status of Mortgage Loan Account" by Ms. Van Buskirk dated October 20, 2011.  (Pltf. Mot., Ex. 2.)  In the supplemental affidavit, Ms. Van Buskirk states:

> [A]ffiant states that said account is in default and that the payment due January 1, 2009, and all subsequent payments thereto were not made, and that plaintiff

herein has elected to call the entire balance of said account due and payable, in accordance with the terms of the note and mortgage.

Affiant further states that the balance due under said Note as of October 31, 2011, is as follows:

| | |
|---|---|
| Principal | $298,747.49 |
| Interest . . . | $ 50,393.78 |
| Beginning Advance Balance | $ 43,550.99 |
| Taxes advanced . . . | $ 47,601.37 |
| Insurance premiums advanced . . . | $        0.00 |
| Late fees | $    5,154.47 |
| Other fees due | $    1,662.00 |
| Hazard insurance | $    1,288.00 |
| Recoverable balance | $    2,762.83 |
| Maintenance | $        0.00 |
| Title work and court costs | $        0.00 |
| Escrow advances other than | |
| for real estate taxes and/or | |
| hazard or other insurance | $        0.00 |
| . . . | |
| TOTAL DUE | $461,160.93 |

(Van Buskirk Supplemental Affidavit, at 2-3.)

Plaintiff's Complaint alleges two claims.  The first claim is that defendants James P. and Elaine C. Psarras are in default of their obligations under the note due to defendants' non-payment thereon and that, because of the non-payment, plaintiff has accelerated the entire balance due on the note.  (Complt., ¶¶ 1, 2.)  Plaintiff seeks a judgment for the amount due under the note as established by the submitted evidence.

Plaintiff's second claim is for foreclosure of the mortgage deed held by plaintiff securing defendants' obligations under the note.  (*Id.*, ¶¶ 1, 2.)  Plaintiff seeks a sale of the mortgaged premises in order to satisfy defendants' obligations under the note.

The United States and the Ohio Department of Taxation are also named as defendants

3

in the case and have both filed answers claiming an interest in the mortgaged premises. (*See* Doc. Nos. 8, 10.)

### Standard of Review

Federal Rule of Civil Procedure 56 governs summary judgment and provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled judgment as a matter of law." The procedure set out in Rule 56(c) requires that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion." This can be done by citation to "materials in the record," including depositions, documents, affidavits, stipulations, and electronically stored information. Fed. R. Civ. P. 56(c)(1)(A). Rule 56(c)(1)(B) allows a party to "show[] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."

After the moving party has carried its initial burden of showing that there are no genuine issues of material fact in dispute, the burden shifts to the non-moving party to present specific facts demonstrating that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). "The 'mere possibility' of a factual dispute is not enough." *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1986). In order to defeat a motion for summary judgment, the non-moving party must present probative evidence that supports its position. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). In determining a motion for summary judgment, the non-moving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor. *Id.* at 255.

**Discussion**

In its motion for summary judgment, RBS argues:

In view of the Affidavit and Supplemental Affidavit filed herein and attached
hereto as Exhibits 1 and 2, and in view of the admissions, it is clear that the
Answer of the debtors is without merit.  It is also clear under the terms of said
note that upon default in the payment of said note, the whole of the unpaid
principal of this note and all interest then accrued thereon shall become due
and payable without notice or demand.

(RBS Br. at 2.)  In addition, RBS argues:

In light of the fact of default in the note and mortgage deed by the debtors, and
as established by the Affidavits attached hereto, debtor cannot legitimately
contend that plaintiff is not entitled to have the mortgage deed foreclosed, the
premises sold, and the proceeds applied in payment of plaintiff's claims.

(*Id*.)

In sum, RBS argues "there are no issues of fact left for determination by the this

Court," and the Court should enter summary judgment for RBS for the relief sought in the

Complaint.  (*Id.* at 4.)

Plaintiff's evidence is sufficient to demonstrate that defendants James P. and Elaine C.

Psarras are in default under the terms of the note and mortgage.  Although given ample time

to do so, defendants have not responded to RBS's motion for summary judgment.  Defendants

have not disputed plaintiff's evidence that defendants have defaulted on the note and that the

mortgaged premises is subject to foreclosure.  Nor have defendants disputed plaintiff's

evidence as to the amounts currently due and owing under the note.

In that defendants have not met their burden under Fed. R. Civ. P. 56 of presenting

specific facts demonstrating that there is a genuine issue for trial on any of plaintiff's claims,

plaintiff's motion for summary judgment on plaintiff's claims for default on the note and for

foreclosure of the premises known as 16300 S. Park Boulevard, Shaker Heights, Ohio 44120,

Parcel No. 732-03-004 is granted.

In their motion for summary judgment, plaintiff asks the Court for (1) judgment

against defendants James P. Psarras and Elaine C. Psarras for the current amount due under

the note as established by Van Buskirk's affidavits, as well as:

> (2) Judgment that the plaintiff's mortgage deed is a valid and subsisting first lien upon the premises described in the Complaint; that the remainder of liens and interests be marshaled according to law;
>
> (3) Judgment that the plaintiff's first mortgage be foreclosed and the equity of redemption of all defendants be forever cut off, barred and foreclosed (except to the extent the interests of the United States of America are separately protected by federal law), and that the premises be sold as upon execution in accordance with law; and
>
> (4) Judgment that upon the sale of the premises, the proceeds of such sale be paid to the plaintiff to satisfy the amount of its existing lien and the interest, disbursements and advancements for insurance, taxes and matters related to said premises, including, but not limited to, protecting the real estate, together with its costs herein expended.  Further, for a Writ of Possession and for a deficiency judgment if the proceeds of the Master Commissioner's Sale are insufficient to satisfy the amounts found due the plaintiff herein.

(Pltf. Mot. at 4-5.)

However, summary judgment is only appropriate as against defendants James P. and

Elaine C. Psarras in that the plaintiff did not move for summary judgment as against the

United States and the Ohio Department of Taxation, and these defendants have asserted

interests in the mortgaged premises and have not been heard in connection with the pending

motion or plaintiff's proposed judgment.  Accordingly, the "judgment" plaintiff seeks as set

out above is not appropriate.

6

**Conclusion**

For the reasons stated above, plaintiff's motion for summary judgment is granted on plaintiff's claims as against defendants James P. and Elaine C. Psarras.  Judgment is hereby entered in favor of plaintiff and against James P. and Elaine C. Psarras for $461,160.93 due and owing under the terms of the note.  In addition, the mortgaged premises is subject to foreclosure to satisfy the obligations of James P. and Elaine C. Psarras.

Plaintiff may have 21 days from the date of this order to submit a filing demonstrating that all defendants agree to the judgment proposed by plaintiff in its motion for summary judgment or to file a stipulated proposed final judgment entry as to which all defendants asserting an interest in the mortgaged premises agree.

IT IS SO ORDERED.


 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 1/3/12